UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES SMITH, JR. | ) | Case No. 02-09694-TOM-13 |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| JAMES SMITH, JR. | ) | |
| | ) | A.P. No. 04-00151 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITIFINANCIAL MORTGAGE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a Motion for Summary Judgment of Defendant Citifinancial Mortgage Company, Inc. ("Motion for Summary Judgment"), filed by Citifinancial Mortgage Company, Inc. ("the Movant" or "Citifinancial"). After notice, a final hearing for summary judgment was held on July 21, 2005. Appearing at the hearing were Michael Antonio for the Debtor, James Smith, Jr. ("Debtor" or "Mr. Smith"); Eric J. Breithaupt, attorney for Citifinancial Mortgage Company, Inc.; and Charles King, Assistant Chapter 13 Trustee. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) (1994) and the district court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984, issued by the United States District Court for the Northern District of Alabama provides: The general order of reference entered July 16, 1984 is hereby amended to add that

arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (D) and (O).[2] This Court has considered the Defendant's Motion for Summary Judgment, the Debtor's Motion for Summary Judgment, arguments of counsel and the law and concludes as follows.[3]

## I. FINDINGS OF FACT[4]

On or about May 12, 1989, Mr. Smith and his wife, Grace Smith, borrowed $34,642.30 from Associates Financial for the purchase of a home.[5] Debtor and his wife signed a Note and a Real Estate Mortgage ("Mortgage"). Movant's Exhibits A and B. The Mortgage was recorded in the Probate Court of Jefferson County, Alabama, on May 17, 1989.

Between 1992 and 1999, Mr. Smith filed five Chapter 13 bankruptcies in the Northern District of Alabama. See Movant's Exhibits C through G-4. All of Mr. Smith's bankruptcies listed the Mortgage as a secured claim. Id. In each Chapter 13 case, the Plan was confirmed but

---

there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. § 157(b)(2) provides:
(b)(2)Core proceedings include, but are not limited to–
    (A) matters concerning the administration of the estate;
    (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir Unit B July 1981); Florida v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975).

[5] The original loan was with Associates Financial and Citifinancial is the successor by merger to Associates.

subsequently each case was dismissed due to Mr. Smith's failure or inability to make payments pursuant to the plans. Id.[6]

Mr. Smith's current Chapter 13 case was filed on December 6, 2002, and Schedule D listed Citifinancial's mortgage as a secured claim. Procceeding No. 2. The Chapter 13 Plan proposed to pay Mr. Smith's regular mortgage payments to Citifinancial direct. This plan was confirmed on March 5, 2003. Movant's Exhibit H-1. On November 4, 2003, Citifinancial filed a Motion for Relief from Automatic Stay ("Motion for Relief") because Mr. Smith was not making his regular monthly mortgage payments. Proceeding No. 9. In support of its Motion for Relief, Citifinancial filed an Affidavit of Pamila Turley, listing Smith's mortgage balance as of October 20, 2003, to be $28,393.06. Movant's Exhibit I. On November 24, 2003, the Motion for Relief was denied, conditioned upon Mr. Smith resuming his regular monthly payments to Citifinancial. Movant's Exhibit I-1. Citifinancial was allowed to file a claim for the post-petition arrearage amounting to $1,450.00. Id.

Mr. Smith received a letter from Citifinancial dated December 24, 2003, indicating that his account was paid in full. Movant's Exhibit J. On January 6, 2004, Citifinancial filed a $1,450.00 claim for post-petition arrearage. See Movant's Exhibit I-1. Mr. Smith filed an objection to Citifinancial's arrearage claim on March 15, 2004, arguing it was paid in full. See Movant's Exhibit L. No response to the objection to claim was filed and no one appeared for Citifinancial at the hearing on the objection to claim. On May 4, 2004, this Court entered an order sustaining Mr. Smith's objection to Citifinancial's claim for $1,450.00. Debtor's Exhibit K. Citifinancial recorded

---

[6]The fifth Chapter 13 case, filed on October 22, 1999, was converted to Chapter 7 and subsequently discharged on December 2, 2002. See Movant's Exhibits G, G-2 and G-4.

the "Discharge of Mortgage" May 20, 2004, in the Probate Court of Jefferson County. Debtor's Exhibit I. Citifinancial claims the notice and recording of the satisfaction of Mr. Smith's Mortgage was the result of clerical error. Mr. Smith filed this adversary proceeding on August 30, 2004, to compel Citifinancial to release the Mortgage. Proceeding No. 1. In response, Citifinancial filed a counterclaim for declaratory judgment that the Mortgage was valid and alleged that Mr. Smith has failed to provide any proof of payment.

On February 9, 2005, Mr. Smith filed a Motion to Dismiss the Adversary Proceeding on grounds that the Complaint was moot due to the recorded "Discharge of Mortgage." Proceeding No. 28. This Court granted Mr. Smith's motion to dismiss his complaint on March 9, 2005, but allowed Citifinancial's counterclaim for declaratory judgment to proceed. Proceeding No. 34. Citifinancial moved for summary judgment on June 3, 2005. Proceeding No. 55. The Movant contends that Mr. Smith should be judicially estopped from asserting the loan as paid in full and that due to a mistaken satisfaction the Mortgage should be declared valid and reinstated.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment

Summary judgment is only appropriate if no genuine issue as to any material fact exists and if the movant is entitled to a judgment as a matter of law. FED. R. BANKR. P. 7056.[7] Substantive law concludes which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477

---

[7] This rule incorporates into the rules governing adversary proceedings without modification Rule 56 of the Federal Rules of Civil Procedure.
FED. R. CIV. P. 56(c) states in part: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ...[then] the moving party is entitled to summary judgment as a matter of law."

U.S. 242, 248, 106 S. Ct. 2505 (1986). In determining material facts, the court considers those facts that are outcome determinative. Id. Mere allegations of factual disputes are not enough to defeat "an otherwise properly supported motion for summary judgment." Id. at 247-48. Rather, there must be "no genuine issue of material fact." Id. at 248. The judge does not determine the truth or weigh the evidence, but identifies if there exists "a genuine issue for trial." Id. at 249. The party moving for summary judgment has the burden of demonstrating that these conditions have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The court, in determining whether the movant has met their burden of proof, must consider "the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party." Allen v. Tyson Foods, Inc. 121 F.3d 642, 646 (11th Cir. 1997).[8] "'If reasonable minds could differ on inferences arising from undisputed facts, then a court should deny summary judgment.'" Id.[9] Only when the movant satisfies its initial burden does the burden shift to the non-movant. Id. at 646. In the instant proceeding, there exist genuine issues of material fact, and this Court will refrain from granting the Defendant's Motion for Summary Judgment.

### B. Judicial Estoppel

In its Motion for Summary Judgment, Citifinancial contends that Mr. Smith should be judicially estopped from asserting that the Mortgage is paid in full. "Judicial estoppel is an equitable doctrine invoked at a court's discretion." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct.

---

[8] See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598 (1986); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

[9] See Miranda v. B & B Cash Grocery Store Inc., 975 F.2d 1518 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985).

5

1808 (2001).[10] The doctrine is intended to prevent parties from alleging inconsistent positions in legal proceedings. Burnes, 291 F.3d at 1285. Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to exigencies of the moment." Id. The Supreme Court acknowledged that when to invoke judicial estoppel is not "reducible to any general formulation of principle." New Hampshire, 532 U.S. at 750. The Eleventh Circuit adopted a two-part test to determine whether judicial estoppel applies. Salomon Smith Barney, Inc. v. Harvey, M.D., 260 F.3d 1302, 1308 (11th Cir. 2001).[11] First, "allegedly inconsistent positions" must be shown to have been made "under oath in a prior proceeding." Id. Second, the inconsistencies "must be shown to have been calculated to make a mockery of the judicial system." Id. These two factors are not exhaustive; rather "courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." Burnes, 291 F.3d at 1286. This Court must determine whether the Movant has satisfied its burden of showing that no genuine issue of material fact exists with regard to Mr. Smith's conduct satisfying these two tests.

For the purposes of judicial estoppel, this Court may consider bankruptcy plans as statements

---

[10]See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).

[11]In New Hampshire, the Supreme Court listed several factors to consider regarding the grant or denial of judicial estoppel. The factors were: 1) whether the present position is "clearly inconsistent" with the earlier position; 2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was mislead; 3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party. 532 U.S. at 750-51. The Eleventh Circuit has held its two factors are consistent with those set forth by the Supreme Court and "provide[s] courts with sufficient flexibility in determining the applicability of the doctrine of judicial estoppel based on the facts of a particular case." Burnes, 291 F.3d at 1285-86.

under oath. See Burnes, *supra*, at 1285; In re Higgins, 305 B.R. 63, 66 (Bankr. N.D. Ala. 2003). On May 12, 1989, Mr. Smith and his wife signed a Note in the amount of $34,642.30 to purchase real property in Jefferson County. His previous bankruptcy cases listed Citifinancial's mortgage as a secured claim in the schedules and plans. Mr. Smith's current Chapter 13 case, filed December 6, 2002, also listed the Mortgage as a secured claim in the schedules. This Court confirmed his Chapter 13 Plan on March 5, 2003.

In this case, as in his prior cases, Mr. Smith has treated Citifinancial as a secured obligation. He has shown a debt to Citifinancial and not ever suggested that he has paid them in full or that they have been paid from any other source. However, on December 24, 2004, Citifinancial mailed a letter to Mr. Smith notifying him the Mortgage was satisfied. Several weeks later on January 6, 2004, Citifinancial filed a $1,450.00 post-petition arrearage claim. Due to the Movant's notice concerning the payoff of the mortgage, Mr. Smith objected to Citifinancial's claim for post-petition arrearage. On May 4, 2004, this Court sustained Mr. Smith's objection to the post-petition arrearage, based on the alleged Mortgage satisfaction. Citifinancial proceeded to record the "Discharge of Mortgage" on May 20, 2004. Mr. Smith filed this adversary proceeding on August 30, 2004, to compel Citifinancial to release the deed and mortgage.

Citifinancial contends Mr. Smith's recent challenges to the existence of the Mortgage following its notice and recording of the "Discharge of Mortgage" are inconsistent pleadings for the purposes of judicial estoppel. The Movant further argues that Mr. Smith consistently acknowledged his indebtedness to Citifinancial throughout all his bankruptcy proceedings and to now assert that he owes nothing is inconsistent. However, it was only when Citifinancial mailed him notice of the paid off Mortgage that Mr. Smith began to dispute his indebtedness to the Movant. The Movant's

7

notice and recording of the "Discharge of Mortgage" led Mr. Smith to file pleadings that appear to be inconsistent with the original schedules. The acts of Citifinancial occurred before the alleged inconsistent pleadings and it appears those acts caused the later documents to be asserted by Mr. Smith. No opportunity has been afforded Mr. Smith to explain his position and the Court finds there is a genuine issue of material fact as to whether there have really been inconsistent positions taken by the Debtor.

The second element that Movant must show for judicial estoppel to be applicable is that Mr. Smith calculated his inconsistencies to "make a mockery of the judicial system." Harvey, *supra*. This second element looks at intent. Judicial estoppel applies to "intentional contradictions, not simple error or inadvertence." Burnes, 291 F.3d at 1286. Such deliberate actions or intent may be inferred from the record. Id. at 1287. The evidence before this Court does not support a finding that Mr. Smith manipulated his position so as to mock the judicial system. It appears that Mr. Smith reacted to conduct by Citifinancial. Admittedly, his reactions were to his benefit and to the detriment of Citifinancial but it does not appear that Mr. Smith intended to manipulate the system.

Mr. Smith consistently accounted for his indebtedness to Citifinancial, while it was deemed owed. Only upon notice of the mortgage satisfaction did Mr. Smith change his position. Citifinancial contends Mr. Smith offered no proof of payment and that the notice and recording of the Mortgage discharge resulted from clerical error. This may be true, but Citifinancial has not met its burden of proof for summary judgment. Filed with its Motion for Relief on October 20, 2003, Citifinancial submitted the affidavit of Pamela Turley concerning the mortgage amount.[12] No other evidence has come from the Movant to prove the existence of the Mortgage since the notice of payment to Mr.

---

[12] At that time, Ms. Turley attested the amount owed was $28,393.06.

8

Smith. Citifinancial offered no evidence of its alleged clerical error. The evidence before this Court does not indicate Mr. Smith "deliberately took inconsistent positions to gain an unfair advantage." Id. at 1286. Actually, it appears that Mr. Smith's present position is due to Citifinancial's notice and recording of the "Discharge of Mortgage."

### C. Reinstatement of the Mortgage under Alabama Law

In its Motion for Summary Judgment, Citifinancial also contends that the Mortgage should be reinstated under Alabama law due to its satisfaction or cancellation by clerical error. The Movant asserts that it is entitled to a declaratory judgment reinstating the Mortgage and declaring the instrument valid.

In bankruptcy proceedings, property interests are determined by the law of the state where the real property is located. Butner v. U.S., 440 U.S. 48, 55, 99 S. Ct. 914 (1979).[13] Alabama law allows reinstatement of an erroneously satisfied mortgage only if the rights of innocent third parties have *not* been affected. See HAAS, 31 F.3d at 1086.[14] First, the Movant has merely alleged the notice of mortgage satisfaction and its recording was the result of clerical error. No evidence is before the Court which proves that these actions were in fact "clerical error." Second, Citifinancial has not offered to the Court any evidence to show whether any third parties have relied on the recorded "Discharge of Mortgage." Therefore, the Court finds there are genuine issues of material fact and summary judgment should be denied.

---

[13] See HAAS v. Internal Revenue Service, 31 F.3d 1081 (11th Cir. 1994).

[14] Citing Lacey v. Pearce, 191 Ala. 258, 68 So. 46 (1915).

9

## III. CONCLUSION[15]

Based on these findings and conclusions, the Court finds that the Movant's Motion is due to be **DENIED**.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion for Summary Judgment of the Defendant Citifinancial Mortgage Company, Inc. is **DENIED**.

It is further **ORDERED** that the parties and their counsel shall participate in a mediation with J. Thomas Corbett and complete the mediation on or before October 28, 2005 and the Court will hold a status conference on October 31, 2005, at 10:30 a.m. in Courtroom 2.

Done this 8th day of September, 2005.

/s/ Tamara O. Mitchell
Tamara O. Mitchell
United States Bankruptcy Judge

TOM:eaj

cc:  Michael Antonio, Attorney for Debtor
     Eric J. Breithaupt, Attorney for Movant
     Citifinancial Mortgage Company, Inc., Movant
     Charles King, Assistant Chapter 13 Trustee
     J. Thomas Corbett, Chief Deputy Bankruptcy Administrator

---

[15] The Court notes for the parties that as a practical matter there are other issues to be resolved. First, no challenge to the Order on the Objection to Claim was timely filed. What impact if any does that have on this proceeding? Further, if the lien is valid and Mr. Smith is not paying his mortgage or the arrearage, where will he be with respect to that mortgage?

Case 04-00151-TOM    Doc 67    Filed 09/09/05    Entered 09/09/05 07:47:02    Desc Main
Document      Page 10 of 10